**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4610**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FERDINAND ALONZO ADAMS, a/k/a Lonnie Alonzo
Adams,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Benson Everett Legg, Chief District Judge.
(CR-03-108)

———————

Submitted: August 22, 2005          Decided: September 8, 2005

———————

Before NIEMEYER, LUTTIG, and WILLIAMS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Harvey Greenberg, Towson, Maryland, for Appellant. Allen F.
Loucks, United States Attorney, Steven M. Dunne, Assistant United
States Attorney, Greenbelt, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Ferdinand Alonzo Adams pled guilty without a plea agreement to five counts of bank fraud and was found guilty after a jury trial of six additional counts of bank fraud in violation of 18 U.S.C. § 1344 (2000). He was sentenced to fifty months in prison and four years of supervised release. Adams appeals, claiming his sentence was imposed in violation of Blakely v. Washington, 542 U.S. 296 (2004). We affirm.

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court applied the rationale of Blakely to the federal sentencing guidelines and held that the mandatory guidelines scheme that provided for sentence enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. Booker, 125 S. Ct. at 746-48, 755-56 (Stevens, J., opinion of the court). The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2004) (requiring sentencing courts to impose a sentence within the applicable guidelines range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2004) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (citing Booker, 125 S. Ct. at 757, 764 (Breyer, J., opinion of the Court)).

Adams' sentencing hearing occurred after the Supreme Court's decision in <u>Blakely</u> but before this court's decision in <u>United States v. Hammoud</u>, 378 F.3d 426 (4th Cir. 2004) (order), <u>opinion</u> <u>issued</u> <u>by</u> 381 F.3d 316 (4th Cir. 2004) (en banc), <u>vacated</u>, 125 S. Ct. 1051 (2005), which directed district courts to treat the federal sentencing guidelines as being unaffected by <u>Blakely</u> but also recommended district courts to specify an alternate sentence treating the guidelines as advisory only. In the absence of this court's guidance, the district court held that <u>Blakely</u> invalidated the mandatory federal sentencing guidelines. (J.A. at 158). Employing the guidelines as a reference only, the district court used its discretion to impose a sentence of fifty months in prison, which equaled the sentence recommended by the guidelines. (J.A. at 165-68).

We conclude that the sentence imposed was not in error because the district court did not treat the guidelines as mandatory. <u>United States v. White</u>, 405 F.3d 208, 216-17 (4th Cir. 2005) (holding that the imposition of a sentence under a mandatory guideline regime is error). In addition, because the district court operated under its own discretion and treated the guidelines as advisory only, the district court did not engage in factual finding necessary to enhance the sentence; therefore, we conclude that Adams' Sixth Amendment rights were not violated. <u>Hughes</u>, 401 F.3d 540 (4th Cir. 2005) (holding that, under a mandatory guideline

- 3 -

regime, the imposition of a sentence exceeding the maximum authorized by jury findings is error).

Finding no error, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED